BANK OF WASHINGTON, (PATRIOTIC BANK v.) See Case No. 10,806.

BANK OF WASHINGTON v. PEIRSON. See Case No. 953.

---

## Case No. 952.

### BANK OF WASHINGTON v. PELTZ.

[2 Cranch, C. C. 241.][1]

Circuit Court, District of Columbia. April Term, 1821.

EXECUTORS AND ADMINISTRATORS—ACTION TO REDUCE CLAIM TO JUDGMENT — ASCERTAINED ASSETS.

There can be no judgment in Washington county, against an executor or administrator for a debt of the testator, or intestate, until

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

the court shall have ascertained the assets, and assessed the sum for which the judgment shall be rendered against the executor or administrator, de bonis propriis.

At law. Scire facias, to revive a judgment rendered at June term, 1818. The docket entry of that term was "judgment for $2,000 damages and costs; damages to be released on payment of $600 with interest from 12th December, 1815, till paid, and costs."

Mr. Wallach, for the defendants, moved to quash the scire facias, because the judgment was not complete, the court having never assessed the sum which the defendants (the executors) ought to pay in regard to the amount of assets in their hands, and the debts due to other persons, as required by Act Md. 1799, c. 101; Id. c. 8, § 8,—and contended that no execution could issue until that sum should be assessed, because the execution must in all cases issue de bonis propriis, as well as de bonis testatoris.

Mr. Caldwell, contra. It does not appear that the court did not assess the sum, &c. The defendant may have admitted assets.

THE COURT (THRUSTON, Circuit Judge, absent) said that there was no judgment against an executor or administrator, until the court has assessed the sum which the defendants ought to pay, according to the amount of assets in their hands. The docket entry is only an admission of the sum which the testator ought to have paid, if he had been living.

THE COURT quashed the scire facias, without costs, and made an order referring the original judgment to the register of wills, to ascertain the amount of assets, and the sum for which the judgment should be rendered.